IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY RODGERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-CV-3977-SMY |
| ) | |
| **VILLAGE OF GLEN CARBON, GLEN** ) | |
| **CARBON POLICE OFFICERS JUSTN** ) | |
| **CLICK, GERARD SPRATT, JOSH** ) | |
| **DANIELS, LEON ROBINSON, and** ) | |
| **UNKNOWN/UNNAMED OFFICERS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Timothy Rodgers filed this action pursuant to 42 U.S.C. §1983 to recover compensatory damages (Doc. 1). Now pending before the Court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 4). For the following reasons, the Motion is **GRANTED**.

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to scrutinize the Complaint filed by an indigent plaintiff and dismiss the Complaint, if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff has submitted the requisite affidavit (Doc. 4). Plaintiff's is currently unemployed and receives VA disability and Social Security benefits. He states that his monthly expenses are approximately $5,000 and he is currently in Chapter 13 bankruptcy. Under these circumstances, the Court finds him to be indigent within the meaning of § 1915(a)(1) and finds that the $405.00 filing fee presents a significant hardship.

The Court's inquiry does not end there, however, because §1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The standards for deciding whether a Complaint states a claim under § 1915(e)(2)(B)(ii) are the same as those under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While *pro se* plaintiffs' allegations are given particular lenience, if a lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. S*ee e.g. Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

Plaintiff makes the following allegations in the Complaint (Doc. 3): On December 20, 2021, the defendant officers wrongfully tased and used excessive force against Plaintiff after Plaintiff suffered a grand-mal seizure and was in a postictal state. The officers accused Plaintiff of drug use. The officers intentionally put handcuffs on Plaintiff excessively tight which caused Plaintiff extreme pain and emotional distress. The officers had no warrant or probable cause to search Plaintiff's person or vehicle. Even without a warrant or probable cause, the officers conducted searches of Plaintiff's person and vehicle. No contraband or evidence of criminal activity was found. Although no contraband or evidence of criminal activity was found, Plaintiff

was arrested and charged with home invasion and aggravated battery in Madison County, Illinois. The defendant officers made out false and incomplete reports and conspired to act willfully and wantonly with disregard and deliberate indifference to Plaintiff's rights. Plaintiff suffered damages as a result of the loss of his physical liberty, his physical pain and suffering, medical expenses, lost wages, property damage, monies posted for bond, and other damages for emotional distress.

In **Count 1**, Plaintiff claims the defendant officers violated his Fourth Amendment right to be free from unreasonable seizures. Section 1983 allows an individual to sue any person who, under the color of state law, violates that individual's constitutional rights. 42 U.S.C. §1983. A person is seized by authorities when a reasonable innocent person would not feel free to leave. *U.S. v. Drayton*, 536 U.S. 194, 200-202 (2002). Here, Plaintiff's allegations that the defendant officers tased him, handcuffed him, and placed him under arrest state a colorable claim in Count 1.

In **Count 2**, Plaintiff claims that the defendant officers used excessive force in tasing and handcuffing him. When an excessive force claim arises in the context of an arrest or investigatory stop, it is most properly characterized as one invoking the protections of the Fourth Amendment to be secure against unreasonable seizures." *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985) (the "reasonableness" of a particular seizure depends not only on when it is made, but also on how it is carried out). The test for reasonableness under the Fourth Amendment requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* Here, Plaintiff alleges the

defendant officers tased him and handcuffed him without probable cause or reasonable suspicion. He further alleges that he did not commit any crimes, did not pose an immediate threat to the safety of officers or others, and he did not actively resist arrest or attempt to flee, but was suffering a medical complication at the time force was used.  This is sufficient to state a viable claim in Count 2.

In **Count 3**, Plaintiff's claims the defendant officers failed to intervene to stop the excessive force being used against him.  An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under 42 U.S.C. §1983 if that officer had reason to know:  (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and (4) the officer had a realistic opportunity to intervene to prevent the harm from occurring.  *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997) *citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).  Here, Plaintiff's allegations describing the events of December 20, 2021 suggest that any number of the defendant officers could be liable for having failed to intervene to prevent harm to Plaintiff by the other officers. Accordingly, Plaintiff has stated a colorable claim in Count 3.

In **Count 4**, Plaintiff asserts a class-of-one equal protection violation against the defendant officers for singling him out and treating him different than others similarly situated.  To state a class-of-one equal protection claim, a plaintiff must allege that (1) Defendant intentionally treated him differently than others who were similarly situated and (2) there was an illegitimate animus towards him.  *Woodruff v. Mason*, 542 F.3d 545, 554 (7th Cir. 2008).  A class-of-one claim can be based on the irrational or malicious application of law enforcement powers.  *Geinosky v. City of*

*Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). Plaintiff alleges that the defendant officers treated him in an irrational means that was motivated by an animus towards him with no probable cause or reasonable suspicion to support. While Plaintiff will ultimately bear the burden of proving his claim and a totally illegitimate animus toward him by the defendant officers, he has presented sufficient facts at the pleading stage to state a viable claim in Count 4.[1]

Finally, Plaintiff asserts an Illinois state law claim for indemnification against the Village of Glen Carbon in **Count 5**. He alleges that since the defendant officers committed these acts within the scope of their employment, the Village of Glen Carbon is liable for any judgment for compensatory damages arising from those actions. A federal court may exercise supplemental jurisdiction over state-law claims "that are so related to claims n the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Because Plaintiff's indemnification claim arises out of the same set of facts as his §1983 claims, the Court will exercise supplemental jurisdiction over the same.

Plaintiff's Complaint states viable claims as described above. Accordingly, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 4) is **GRANTED**. Pursuant to Fed. R. Civ. P. 4(c)(3), The Clerk of Court is **DIRECTED** to prepare and issue, for each named defendant, Form AO 440, Summons in a Civil Action, to Plaintiff and enclose blank USM-285 forms for each named defendant. If Plaintiff wishes the United States Marshals Service to serve process in this case, he shall provide to the United States Marshals Service the summons issued,

---

[1] The complaint only requires a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests. Fed. R. Civ. Pro. 8(a)(2). Factual allegations need only raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

Upon receipt of the aforementioned documents from Plaintiff, and pursuant to Federal Rule of Civil Procedure 4(c)(3), the United States Marshal Service is **DIRECTED** to serve a copy of the Summons, Complaint and this Order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Plaintiff. Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED:  April 9, 2024**

**STACI M. YANDLE**
**United States District Judge**